# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Nester,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Defendants. | No. CV 15-01700-PHX-SMM (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. McNAMEE:**

Before the Court is Plaintiff's Motion for Extension of Time to Prepare His Motion for Leave to File a First Amended Complaint (Doc. 10); and Plaintiff's Motion for Leave of the Court to File a First Amended Complaint (Doc. 11). This matter is before the undersigned on referral from the District Judge. The Court has a continuing obligation to screen complaints brought by prisoners seeking relief against an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The screening requirement extends to proposed amended complaints. Because a magistrate judge cannot decide a "matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement," Rule 72(b)(1), Federal Rules of Civil Procedure, the undersigned recommends as follows.

**I.	Background**

Plaintiff Oscar Nester filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On October 27, 2015, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis* and ordered Defendants Ryan and Corizon to respond to Plaintiff's two-

count Complaint. (Doc. 8.) On November 19, 2015, Plaintiff filed a motion for an extension of time to file a motion for leave to file an amended complaint. (Doc. 10.) On November 25, 2015, Plaintiff filed his motion for leave to file his First Amended Complaint, which is attached to the motion ("FAC"). (Doc. 11.)

**II.     Statutory Screening of Prisoner Complaints:**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The United States Court of Appeals for the Ninth Circuit has instructed that courts "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent

standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).  Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  In such circumstances, even a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

### III.   First Amended Complaint

Plaintiff's five-count FAC names the following Defendants:  Charles L. Ryan; Corizon Health, Inc.; Wexford Health Sources, Inc.; Dr. Arlene McKamey; Dr. Michael Hegmann; Dr. Mulhen; Kerry Byrd; and Assistant FHA Howley.  Plaintiff seeks injunctive, compensatory, and punitive relief.  Because Plaintiff filed his motion for leave to amend before a responsive pleading was filed and as a matter of course under Fed. R. Civ. P. 15(a)(1)(B), the Court recommends that Plaintiff's motion for extension of time (Doc. 10) be denied as unnecessary.

#### A.   Claims From Original Complaint

Plaintiff's FAC contains Counts I and II from his original complaint.  The Court previously screened those counts and ordered Defendants Ryan and Corizon to answer those counts. (Doc. 8.)  The Court recommends that these same Defendants be required to respond to these same claims in Plaintiff's FAC.

The Court previously held that Plaintiff sufficiently alleged a claim for denial of constitutionally adequate medical care, noting that Plaintiff alleges in these counts that:

> Ryan adopted or implemented customs and policies that result in inmates with Hepatitis C (HCV), like Plaintiff, to be subjected to stage III or IV liver disease before their HCV will be substantively treated.  That is, Plaintiff asserts that ADC's customs and policies, set by Ryan, require an inmate to suffer irreparable harm to his liver before the third party health care provider, Corizon, will treat HCV, even though there are medications available that can cure the disease.  Plaintiff also alleges that Corizon through its customs and policies subjects prisoners, including him, to serious and irreparable harm by failing to treat his HCV.  Plaintiff states that his HCV diagnosis is well-documented in prison medical records and that he has repeatedly, and unsuccessfully, sought treatment for his HCV

>  from Ryan and Corizon.  He generally alleges that he is suffering pain and
>  other symptoms as a result of his HCV and the failure of Corizon to treat
>  his HCV under policies and customs set by Ryan.  He contends that both
>  have acted with deliberate indifference to his serious medical needs.

(Doc. 8 at 3.)

### B. Newly Asserted Claims

Plaintiff adds Counts III, IV and V in his FAC.  In Count III, Plaintiff alleges that at several medical appointments, Dr. Arlene McKamey informed Plaintiff that he was a candidate for HCV treatment due to high levels of enzymes and viral load.  Later, Dr. McKamey recanted due to the policies alleged in Counts I and II, and stated that she had made a mistake in evaluating Plaintiff and that no one gets treatment unless their liver is failing.  In Count IV, Plaintiff alleges that after numerous appointments, Dr. Hegmann refused to provide Plaintiff with medically necessary treatment due to the policies requiring Plaintiff's disease to progress to stage III or IV liver disease before offering treatment.  The Court recommends that Defendant McKamey be ordered to respond to Count III, and Dr. Hegmann be required to respond to Count IV of the FAC.

In Count V, Plaintiff alleges that Dr. McKamey, Dr. Mulhen, Kerry Byrd, Dr. Hegmann, Asst. FHA Howley, Corizon Health, Inc., Wexford Health Sources, Inc., and Charles Ryan were deliberately indifferent to Plaintiff's serious health care needs "by operating and utilizing unconstitutional policies and customs which have not implemented the modern community standards of care for the treatment of Hepatitis C." (Doc. 11–1 at 20.)   Plaintiff further alleges that Defendant McKamey only treated secondary illnesses causes by HCV, but refused to treat the HCV because Plaintiff's disease had not progressed to stage III or IV liver disease.  Plaintiff also alleges that Dr. Mulhen found Plaintiff was a good candidate for treatment, but refused treatment because Plaintiff's condition was not sufficiently terminal enough to be given the treatment to cure the disease.  Plaintiff alleges that Kerry Byrd likewise denied Plaintiff treatment due to the cost and Corizon's policy.  The Court recommends that Defendants McKamey, Hegmann, Ryan and Corizon not be required to respond to Count V, as this count is

- 4 -

duplicative of the previous counts these defendants are answering. Plaintiff has not alleged actions by Defendants Howley or Wexford Health Sources, Inc., and therefore the Court recommends that these defendants be dismissed. The Court recommends that Defendants Mulhen and Byrd be required to respond to Count V of the FAC.

**IV.     Claims for Which an Answer Will be Required**

The Court recommends that Defendants Ryan and Corizon answer Counts I and II of the FAC; that Defendant McKamey answer Count III of the FAC; that Defendant Hegmann answer Count IV of the FAC; and that Defendants Mulhen and Byrd answer Count V of the FAC. The Court recommends that the remaining defendants be dismissed.

**IT IS RECOMMENDED that** Plaintiff's Motion for Extension of Time to Prepare his Motion for Leave to File a First Amended Complaint as a Matter of Course (Doc. 10) be **denied** as unnecessary.

**IT IS FURTHER RECOMMENDED that** Plaintiff's Motion for Leave to Amend (Doc. 11) be **granted**, and that Plaintiff's be allowed to file his FAC (Doc. 11–1).

**IT IS FURTHER RECOMMENDED that** the Court order the Defendants named in Section IV herein to answer or otherwise respond to the claims set forth in that section, by appropriate motion within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of

Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendations of the Magistrate Judge.

Dated this 21st day of January, 2016.

_____
Honorable Deborah M. Fine
United States Magistrate Judge